UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBONY CRYSTAL MALCOM,

       Plaintiff,                            Case No. 14-10126
v.                                          Hon. Terrence G. Berg

BARRY JOSEPH,

       Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Ebony Crystal Malcom, a state inmate currently incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court summarily dismisses the complaint.

### I.    BACKGROUND

Plaintiff is in prison pursuant to her Wayne County Circuit Court convictions for conducting a criminal enterprise, larceny from a building, and retaining a financial transaction device without consent. The complaint alleges that Plaintiff filed a petition for writ of habeas corpus in the Washtenaw County Circuit Court challenging the legality of her detention and seeking release from custody. Plaintiff claims that Defendant, the Clerk of the Washtenaw County Circuit Court, failed to enter a default judgment in Plaintiff's favor after the Respondent—the Warden of her correctional facility—failed to respond. In the present action, Plaintiff seeks an

order compelling Defendant to enter a default judgment in her favor, thereby requiring her release from prison.

## II.   STANDARD

Civil rights complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2).  *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).  Section 1915(e)(2) requires district courts to screen complaints and to dismiss those that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).  A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief.  *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Roberts*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, dismiss sua sponte a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to

discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

## III. DISCUSSION

Where a state prisoner is challenging the very fact or duration of her physical imprisonment and the relief that she seeks is a determination that she is entitled to immediate release or a speedier release from that imprisonment, her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A civil action under 42 U.S.C. § 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *See Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995); *see also Bey v. Gulley,* 2002 WL 1009488 at *2 (E.D. Mich. May 6, 2002). An action which is properly one for habeas relief does not state a cognizable claim under § 1983. *See Benson v. New Jersey State Parole Bd.,* 947 F. Supp. 827, 831 (D.N.J. 1996). When the effect of granting equitable relief under the civil rights statute would be to substitute § 1983 for a petition for writ of habeas corpus to attack a state court conviction, a prisoner fails to state a claim under § 1983. *Palmer v. Nebraska Supreme Court,* 927 F. Supp. 370, 371 (D. Neb. 1996) (*quoting Eutzy v. Tesar,* 880 F. 2d 1010, 1011 (8th Cir. 1989)). A plaintiff therefore cannot seek declaratory or injunctive relief relating to her conviction in a § 1983 action. *Nelson v. Campbell,* 124 S. Ct. 2117, 2122 (2004); *St.*

*Germain v. Isenhower,* 98 F. Supp. 2d 1366, 1373 (S.D. Fla. 2000). Accordingly, Petitioner's § 1983 claims and request for relief are not cognizable in this action.

Furthermore, the Court cannot convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.* This Court cannot treat plaintiff's complaint as an application for habeas corpus relief because the Court has no evidence that Plaintiff has exhausted her state court remedies prior to seeking federal habeas relief, as required by 28 U.S.C. § 2254(b) & (c). *Parker v. Phillips,* 27 Fed. App'x 491, 494 (6th Cir. 2001); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998). Moreover, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former

course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy*, 343 F. Supp. 2d at 609. Therefore, because this Court is dismissing Plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999) (citing *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).

## IV. CONCLUSION

**IT IS ORDERED** that the Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**


Dated: January 24, 2014                    s/Terrence G. Berg
                                           TERRENCE G. BERG
                                           UNITED STATES DISTRICT JUDGE


## Certificate of Service

I hereby certify that this Order was electronically submitted on January 24, 2014, using the CM/ECF system; a copy of this Order was also mailed to the Huron Valley Correctional Facility, 3201 Bemis Road, Ypsilanti, MI 48197, and directed to Plaintiff's attention.

                                           s/A. Chubb
                                           Case Manager